UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MEEKS ROOSEVELT,

    Plaintiff,

v.

ENHANCED RECOVERY
COMPANY, LLC and CREDIT
REPAIR LAWYERS OF AMERICA,

    Defendants.
                                       /

Case No. 2:19-mc-50566

HONORABLE STEPHEN J. MURPHY, III

**ORDER GRANTING IN PART AND
DENYING IN PART INITIATING MOTION [1]**

On April 12, 2019, Enhanced Recovery Company, LLC ("ERC") filed a motion to compel deposition testimony and documents from Credit Repair Lawyers of America ("CRLA"). ECF 1. The motion relates to an ongoing case in the Northern District of Georgia, 1:18-cv-3662-WMR-AJB, *Roosevelt Meeks v. Enhanced Recovery Company, LLC* ("Georgia case"). *See id.* at 3. Because CRLA is a third-party to the Georgia case and because compliance with the discovery requests would be required in the Eastern District of Michigan, ERC filed its motion to compel in the Eastern District of Michigan. *See id.* at 9; Fed. R. Civ. P. 37(a)(2). The Court reviewed the briefs and finds that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f). For the reasons below, the Court will grant in part and deny as moot in part the motion.

**BACKGROUND**

The Georgia case is one of six Federal Debt Collection Practices Act ("FDCPA") cases between ERC and parties represented by CRLA. *See* ECF 1, PgID 2–3. Each

1

FDCPA case alleges that ERC failed "to mark the plaintiff's account as disputed after the plaintiff allegedly sent a dispute letter to ERC." *Id.* at 2. ERC now argues that it has "procedures for receipt of correspondence" yet "has no record of receiving any of the dispute letters for CRLA's clients in any of the six actions." *Id.* CRLA itself "signs and mails [each] letter on behalf of its clients." *Id.* at 3.

In March 2019, ERC served a notice of taking a deposition duces tecum of CRLA's corporate representative and a subpoena duces tecum for the deposition. *Id.* CRLA failed to appear at the initial deposition but appeared at a subsequent, rescheduled deposition through a corporate representative. *Id.* at 4. But CRLA's corporate representative did not produce any of the documents that were requested in the subpoena and could not testify as to several topics listed in the subpoena. *Id.* at 4–5. Further, CRLA's counsel objected to entire categories of questions by asserting that the questions were either irrelevant or not specifically identified in the subpoena and therefore "instructed the witness not to answer" those categories of questions. *Id.* at 5. After the deposition, ERC filed its motion to compel (1) production of documents and (2) responsive deposition testimony from a proper corporate representative.

## LEGAL STANDARD

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* "Evidence is relevant if: (a) it has any

2

tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

For subpoenas, "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing under burden or expense on the person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). "To determine whether a burden is undue, a court must balance the potential value of the information to the party seeking it against the cost, effort, and expense to be incurred by the person or party producing it." *United States v. Blue Cross Blue Shield of Michigan*, No. 10-CV-14155, 2012 WL 4513600, at *5 (E.D. Mich. Oct. 1, 2012) (citations omitted). "Non-party status is also a relevant factor." *Id.* (citation omitted).

## DISCUSSION

ERC requests the Court to (1) compel non-party CRLA to produce all documents requested in its subpoena, (2) compel CRLA's corporate representative "to answer questions regarding each of the topics identified in" its subpoena, and overrule the objections raised by CRLA's counsel during the deposition. ECF 1, PgID 5. The Court will address each request in turn.

I.  Production of Documents

ERC first complains that CRLA did not produce the documents requested in "Schedule B" of the subpoena. *See* ECF 1, PgID 12–13. The documents requested were:

> 1. The native file for the letter sent to ERC on behalf of Plaintiff dated May 3, 2018[.]
> 2. The native file for the letter sent to ERC on behalf of Plaintiff dated May 3, 2018, with all metadata attached to the file.

3

> 3. Any logs or other form of record keeping for mail sent by [CRLA] reflecting the sending of the letter to ERC on behalf of Plaintiff dated May 3, 2018.
> 4. Any logs or other form of record keeping for any metering or postage reflecting the sending of the letter to ERC on behalf of Plaintiff dated May 3, 2018.
> 5. All Documents reflecting a claim by any third party that mail sent by [CRLA] was not received by the addressee.

ECF 1-1, PgID 28–29. ERC acknowledges that CRLA has since produced the documents requested in the first two requests, and that, as to the third and fourth requests, CRLA "claims that it has no such records." ECF 1, PgID 12 n.3. The motion to compel is therefore moot as to document requests one through four. To the extent that ERC contends that document requests one and two are not moot because the requested documents were not produced "until after the deposition . . . so ERC was unable to ask questions concerning the document at the deposition," *id.* at 12 n.2, the Court will address that complaint when it addresses the deposition testimony. Finally, CRLA states that it "possesses no documents responsive to" document request five. ECF 2, PgID 225. The motion to compel is therefore moot as to the document requests.

II. <u>Deposition Testimony</u>

ERC next complains that the corporate representative who testified at the deposition on behalf of CRLA did not answer questions about topics included in the subpoena. ECF 1, PgID 14–19. When the deposition was taken, CRLA broadly objected to deposition topics five through ten of the subpoena:

> 5. The natural person signing any letters disputing a trade line that [CRLA] sent to ERC on behalf of [CRLA's] clients since September 2017.
> 6. The mailing or sending of any letters disputing a Tradeline that [CRLA] sent to ERC on behalf of [CRLA's] clients since September 2017.

4

> 7. [CRLA's] procedures and policies relating to mailing or sending written correspondence from [CRLA's] office.
> 8. [CRLA's] procedures and policies relating to service of court documents other than complaints and summonses from [CRLA's] office.
> 9. All claims from any Person since September 2017 that such Person did not receive any communications mailed by [CRLA].
> 10. [CRLA's] document retention policies.

ECF 1-1, PgID 28. CRLA now contends that none of the above topics are relevant. *See* ECF 2, PgID 221–24. It also contends that the corporate representative already testified about topics five, six, nine, and ten. *Id.* At the deposition, CRLA further objected to questions regarding: (1) statements on CRLA's websites about the procedures for sending letters to credit reporting agencies, (2) a video on CRLA's website about the same topic, (3) whether the corporate representative "had ever been asked to prove whether she mailed a dispute letter," and (4) two particular dispute letters that CRLA sent ERC before the date of the letter in question. *Id.* at 226–27. The Court will address each objection in turn.

First, each subpoenaed deposition topic is relevant. Information regarding who signs dispute letters, CRLA's policies for sending dispute letters and general written correspondence, other claims that third-parties did not receive communications CRLA mailed, and CRLA's document retention policies are all relevant to a jury's eventual credibility determination of Roosevelt, ERC, and whether ERC received a dispute letter and failed to properly mark Roosevelt's account. And information regarding CRLA's policies and procedures for serving court documents could help establish whether CRLA routinely fails to properly send legal documents on behalf of its clients. The objections to deposition topics five through ten are therefore overruled.

5

Second, CRLA's objections to specific deposition questions were equally unfounded. ERC's questions regarding CRLA's statements and video on its website about how to send letters to credit reporting agencies were properly noticed by deposition topic seven. ECF 1-1, PgID 28 (listing deposition topic seven as "Your procedures and policies relating to mailing or sending written correspondence from Your office"). ERC was not required to notify CRLA of each specific question it would ask within its deposition topics. *See* Fed. R. Civ. P. 30(b)(6) (requiring a party only to "describe with reasonable particularity the matters for examination"). And the questions are relevant. Whether CRLA complied with the procedures it suggests that others use to mail letters to credit reporting agencies is relevant to its credibility regarding whether it properly mailed Roosevelt's letter to ERC. Further, questions regarding previous disputes over whether CRLA properly mailed other similar letters are relevant to CRLA's credibility with respect to Roosevelt's letter. The objections to the specific questions that ERC posed to CRLA's corporate representative are therefore overruled.

Finally, ERC alleges that the corporate representative CRLA produced was unable to answer several of the questions it posed to her. ECF 1, PgID 18. ERC asks the Court to compel CRLA "to produce a proper corporate representative with the appropriate knowledge to testify regarding the topics set forth in the subpoena." *Id.*

When a party subpoenas an organization, the organization must "designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf" and "[t]he persons designated must testify about

information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). To the extent it did not previously, CRLA must produce a corporate representative or representatives who is or are collectively able to testify to all information known or reasonably available to CRLA regarding the noticed deposition topics. ERC's motion to compel deposition testimony on the noticed deposition topics, the previously objected-to questions, and the topics about which the initial corporate representative had no knowledge is therefore granted.

**WHEREFORE**, it is hereby **ORDERED** that the initiating motion [1] is **GRANTED IN PART** and **DENIED AS MOOT IN PART**.

**IT IS FURTHER ORDERED** that the motion is **DENIED AS MOOT** as to the production of documents.

**IT IS FURTHER ORDERED** that the motion is **GRANTED** as to CRLA's deposition testimony.

**SO ORDERED**.

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: September 26, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 26, 2019, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager